# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILL RALPH FRAZIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-07-756-F |
| ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On August 20, 2007, United States Magistrate Judge Doyle W. Argo entered an order granting plaintiff leave to proceed in forma pauperis in this 42 U.S.C. § 1983 action. Based upon plaintiff's submissions, Magistrate Judge Argo ordered plaintiff to pay, by September 7, 2007, an initial partial filing fee of $9.60, representing 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in plaintiff's prison accounts for the six-month period immediately preceding the filing of his complaint. Plaintiff was advised that failure to pay the initial partial filing fee or show cause in writing for his failure to do so could result in dismissal of this action without prejudice to refiling.

On September 18, 2007, Magistrate Judge Argo entered a Report and Recommendation, wherein he recommended that this action be dismissed without prejudice to refiling. The recommendation was based upon a review of the court file which revealed that plaintiff had neither paid the initial partial filing fee as ordered nor shown good cause for such failure.

Since the filing of the Report and Recommendation, plaintiff has filed several motions. In one such motion, entitled "Motion on Merit Pay" (doc. no. 20), filed September 24, 2007, plaintiff discusses the $48 referred to in his inmate account and states that there is no money in his account. In another motion, entitled "Motion," filed October 10, 2007 (doc. no. 24), plaintiff states that the "disposition action taken" by the Oklahoma County Detention Center proves that he "didn't lie about required material supporting civil rights complaint." Attached to the motion is a Request to Staff at the Oklahoma County Detention Center. In the request, plaintiff states that "federal courts are saying Oklahoma County jail said [plaintiff] had $48 in accounts . . . " and he requests a "copy of money receipts for any money from Aug[ust] 15, 2006 until Oct[ober] 1, 2007. In the disposition/action taken portion of the request, dated October 4, 2007, an Oklahoma County Detention Center employee states:

> Our Records indicate that since you arrived on 8/15/06 there has never been any money on your account. No deposits have been made. You do how ever (sic) owe for (7) seven medical bills @ $8.00 a piece totaling = $56.00.

The court construes the above-referenced motions as an objection to Magistrate Judge Argo's Report and Recommendation. Having conducted a de novo review of the matter in accordance with 28 U.S.C. § 636(b)(1), the court concludes that plaintiff's action should not be dismissed as recommended. On August 15, 2007, plaintiff filed his inmate account (doc. no. 10). The account shows a zero balance in the Trust Balance and a $48.00 balance in the A/R Balance. It appears to the court from plaintiff's filings that the $48 was not money in possession of plaintiff but rather money owed by plaintiff to the Oklahoma County Detention Center. Based upon the inmate account and the request to staff presented by plaintiff, as well as plaintiff's motion for leave to proceed in forma pauperis, the court concludes that plaintiff does not have the ability to pay the initial partial filing fee as ordered. The court also

concludes that plaintiff has shown cause as to his failure to pay the initial partial filing fee.

Section 1915(b)(4) of Title 28 of the United States Code provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." *See*, 28 U.S.C. § 1915(b)(4). Because plaintiff has shown he currently has no means by which to pay the initial partial filing fee, the court concludes that plaintiff should be allowed to proceed with his action without the payment of the initial partial filing fee.

In the Report and Recommendation, Magistrate Judge Argo recommended that certain motions (doc. nos. 15, 16, 17, and 18) be denied as moot based upon his recommendation of dismissal. Although the court is not dismissing this action as recommended and therefore the motions are not moot, the court concludes that the motions referenced by Magistrate Judge Argo as well as certain motions (doc. nos. 21, 22, and 23) filed by plaintiff since the filing of the Report and Recommendation should be denied without prejudice to refiling by plaintiff at a later date, such as after Magistrate Judge Argo's initial review of the complaint or defendant's filing of an answer or other response to the complaint.

IT IS THEREFORE ORDERED that plaintiff's Motion on Merit Pay, filed September 24, 2007 (doc. no. 20) and plaintiff's Motion, filed October 10, 2007 (doc. no. 24) are construed as an objection to the Report and Recommendation issued by United States Magistrate Judge Doyle W. Argo on September 18, 2007 (doc. no. 19) and as construed, such objection is sustained.

IT IS ALSO ORDERED that the Report and Recommendation issued by United States Magistrate Judge Doyle W. Argo on September 18, 2007 (doc. no. 19) is not accepted.

IT IS ADDITIONALLY ORDERED that plaintiff's Motion of Injunction (doc. no. 15), Motion of Injunction to Other District (doc. no. 16), Motion of Res Judicata (doc. no. 17), Motion of Discover to Jurisdiction (doc. no. 18), Motion of Discover to Asst. Appellate (doc. no. 21), Motion of Discover to Direct Appeals from State Level to Federal Level (doc. no. 22), and Motion (doc. no. 23) are denied without prejudice to refiling at a later date.

IT IS FURTHER ORDERED that, in accordance with 28 U.S.C. § 636, this action is re-referred to United States Magistrate Judge Argo for further proceedings.

DATED October 12, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0756p002.wpd