## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

BILL RALPH FRAZIER,        )
                               )
              **Plaintiff,**     )
                               )
vs.                          )     **Case No. CIV-07-756-F**
                               )
STATE OF OKLAHOMA, et al.   )
                               )
             **Defendants.**   )

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, purporting to allege a violation of his constitutional rights. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the reasons set forth herein, it is recommended that the complaint be dismissed upon filing.

Plaintiff brings this action against the "Federal Courts, District Courts" and the State of Oklahoma. Complaint, p. 1. In Count I of a two-count complaint, Plaintiff contends that he has not received any Supplemental Security Income ("SSI") payments or food stamps in three months. Id. at 3. In Count II, Plaintiff apparently challenges the judgments of conviction entered in the District Court of Oklahoma County Case Nos. CF-1984-3687 and CF-1988-4744. Id. at 1, 3, 5. Plaintiff seeks "post conviction" relief of $1.1 million dollars, SSI back payments of $94,933, retroactive food stamps totaling $11,676, immediate release,[1] and revocation of the judgments of conviction entered in

---

[1] In the complaint, Plaintiff states that he is entitled to the "same [rights] under the Earl Bradford Postelle case." Complaint, p. 5. Plaintiff appears to be referring to District Court of Oklahoma County Case No. CF-1996-3869 wherein Judge Ray C. Elliott recently dismissed charges against and ordered the release of Earl Bradford Postelle because he was incompetent to stand trial due to brain injuries. District Court of Oklahoma County Case No. CF-1996-3869, Docket; see also Jay F. Marks, Quadruple Murder Suspect

the District Court of Oklahoma County, Case Nos. CF-1984-3687 and CF-1988-4744. <u>See</u> <u>id.</u> at 1, 5; Motion to Grant, p. 2.  It appears that Plaintiff is currently confined in the Oklahoma County Jail on aggravated assaulted and battery charges brought in Case No. CF-2006-5423 for which he is set to be tried on December 3, 2007.  District Court of Oklahoma County Case No. CF-2006-5423, Docket.

## I.    INITIAL SCREENING STANDARD

District courts are obliged to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;  or  (2) seeks monetary relief from a defendant who is immune from such relief."  <u>Id.</u> at § 1915A(b). Section 1915A review of a complaint for failure to state a claim focuses on "plausibility in the complaint."  <u>Tillman v. Creighton</u>, No. 07-3165, 2007 WL 2827659, at *1 (10th Cir. Oct. 1, 2007) (quotation omitted) (applying plausibility standard set forth in <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct 1955, 1970 (2007), to review the dismissal of a complaint pursuant to § 1915A).[2]  In reviewing the sufficiency of the complaint, the factual allegations are broadly construed, presumed as true, and read in the light most favorable to the plaintiff.  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1109-10 (10th Cir. 1991).  However, the

---

<u>Released; Found Unfit for Trial, He's Home</u>, The Oklahoman, May 5, 2007, at 1A.

[2] This and any other unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

"broad reading" of pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. Id. at 1110. The Court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

As discussed below, there are a number of reasons why Plaintiff cannot prevail in a § 1983 action against the named Defendants on the facts alleged. Further, because giving Plaintiff an opportunity to amend would be futile, the complaint should be dismissed. See Hall, 935 F.2d at 1110.

## II.     COUNT I

### A.     Social Security Claim

The Court lacks jurisdiction over Plaintiff's claim for retroactive SSI payments. Because the federal courts have limited jurisdiction, a plaintiff bears the burden to allege sufficient facts to invoke a district court's jurisdiction. See Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994). Federal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint and "the complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986). In Social Security matters, the federal courts' jurisdiction is limited to review of the "final decision of the Commissioner made after a hearing. . . ." 42 U.S.C. § 405(g); accord Califano v. Sanders, 430 U.S. 99, 108 (1977). Consequently, the federal courts generally lack jurisdiction to hear actions

brought without first pursuing administrative relief from the Social Security Administration. See, e.g., Estate of Lego v. Leavitt, No. 06-1498, 2007 WL 2202628, at *3-5 (10th Cir. Aug. 2, 2007) (affirming district court's determination that it lacked jurisdiction over complaint since the plaintiff's claim was dismissed at the administrative level for failure to appear at the hearing and thus there was no "final decision" of the Commissioner "after a hearing" for federal court review).

The allegations of Plaintiff's complaint are insufficient to invoke the Court's jurisdiction over his claim for retroactive SSI benefits. In the portion of the complaint where Plaintiff addresses his previous lawsuits and claims for administrative relief, he makes no mention of any administrative determination concerning his request for SSI payments.[3] Complaint, pp. 4-5. As there is no "final decision" of the Commissioner of the Social Security Administration with respect to his claim for SSI payments, the Court lacks jurisdiction over that claim.

### B. Food Stamp Claim

As to Plaintiff's claim for retroactive food stamps, the Court lacks jurisdiction over the State of Oklahoma. The Eleventh Amendment provides states with sovereign immunity from suit in federal court unless the state unmistakably waives its immunity or Congress explicitly abrogates the immunity by statute. Welch v. Tex. Dep't of Highways and Pub. Transp., 483 U.S. 468, 473-74 (1987). Oklahoma has not waived its Eleventh Amendment immunity. Ramirez v. Okla. Dep't of Mental Health, 41 F.3d 584,

---

[3] Should Plaintiff elect to pursue relief from the Social Security Administration, it is likely his claim for SSI will be denied. The Commissioner's regulations provide for the suspension of SSI payments while a person is a "resident of a public institution" which is defined to include an inmate. See 20 C.F.R. §§ 416.201, 416.1325.

4

589 (10th Cir. 1994), overruled on other grounds by Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1194-97 (10th Cir.1998); see also Okla. Stat. tit. 51, §§ 152.1, 153 (adopting doctrine of sovereign immunity for state of Oklahoma, its political subdivisions, and its employees acting with the scope of their employment).   Further, Congress did not abrogate the sovereign immunity of states by enacting 42 U.S.C. § 1983.   See Quern v. Jordan, 440 U.S. 332, 345 (1979).

Since the State of Oklahoma has Eleventh Amendment immunity from § 1983 suits in federal court that it has not waived, the Court lacks jurisdiction over Plaintiff's claim for retroactive food stamps.

Similarly, Plaintiff's § 1983 claim for retroactive food stamps is not cognizable against the "federal courts, district courts."   Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."   Albright v. Oliver, 510 U.S. 266, 271 (1994) (quotation omitted). Consequently, to establish a § 1983 claim, a plaintiff must allege the deprivation of a federally protected right under color of state law.   Marland v. Heyse, 315 F.2d 312, 314 (10th Cir. 1963); see also Tarabishi v. McAlester Reg'l Hosp., 827 F.2d 648, 651 (10th Cir. 1987) ("The provisions of § 1983 apply only to persons who deprive others of rights secured by the Constitution or laws of the United States and who act under color of state statute, ordinance, regulation, custom or usage.").   A Bivens suit is used to remedy the deprivation of a federal right at the hands of federal actors.   See Dry v. United States, 235 F.3d 1249, 1255-56 (10th Cir. 2000).

The federal government has delegated its authority to administer the food stamp program to state agencies which are responsible for making eligibility determinations and ensuring that benefits are paid and terminated according to federal law.  <u>See</u> 7 U.S.C. § 2020.[4]  Plaintiff may not maintain either a § 1983 or <u>Bivens</u> suit against the "federal courts, district courts" because the Court is not an actor who has deprived Plaintiff of food stamps as it has no involvement whatsoever in the administration of the food stamp program.  Accordingly, Plaintiff's food stamp claim is not cognizable against the Court.

## II.    COUNT II

Likewise, Plaintiff's claims for post-conviction relief asserted in Count II should be dismissed.  Courts must construe actions according to the nature of the relief sought, not by how their drafters style them.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  <u>Id.</u>  Moreover,

> when a state prisoner seeks damages in a  § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994).

None of the relief that Plaintiff requests to redress the claims presented in Count II is available.  Although Plaintiff brought his Count II claims on a form for § 1983 claims,

---

[4] Notably, federal law also charges state agencies with implementing systems to ensure that prisoners are excluded from participating in the food stamp program.  7 U.S.C. § 2020(q).

it is apparent, based upon his request for immediate release from confinement, that the relief Plaintiff seeks is only available via a writ of habeas corpus. See, e.g., McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997). A writ of habeas corpus may only be obtained in an action brought pursuant to 28 U.S.C. § 2254 or § 2241, depending upon the type of challenge presented, and only after state remedies are exhausted. See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). As Plaintiff has not presented his claims in Count II in a federal habeas suit, they should be dismissed. Heck, supra.

The Court could recharacterize Plaintiff's § 1983 claims as habeas claims and consider them. However, the undersigned does not recommend recharacterizing Plaintiff's claims because of the potentially prejudicial consequences that Plaintiff may suffer. See, e.g., Davis v. Roberts, 425 F.3d 830, 834-35 (10th Cir. 2005) (noting that a pro se litigant "may prefer to have his claim dismissed rather than be recharacterized as a § 2254 claim because of the potential consequences with respect to any § 2254 claim he may file in the future [because] AEDPA places strict limitations on second or successive claims."); see also Richards v. Bellmon, 941 F.2d 1015, 1019 n.3. (10th Cir. 1991) (rejecting construction of a pro se § 1983 complaint to include a habeas claim because such treatment "borders on advocacy and could interfere with a possible tactical choice by the plaintiff.").[5] Accordingly, it is recommended that Plaintiff's Count II § 1983 claims

---

[5] Additionally, the Court would lack jurisdiction over any action challenging the validity of Plaintiff's convictions in Case Nos. CF-1984-3687 and CF-1988-4744 because Oklahoma Department of Corrections records show that Plaintiff fully completed the sentence for those convictions in 1990 and 1998, respectively. See Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam) ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.").

challenging the validity of Plaintiff's convictions and seeking a transfer to a nursing home be dismissed.

Furthermore, Plaintiff's claims for monetary damages stemming from his alleged illegal confinement as a result of his convictions in Oklahoma County District Court Case Nos. CF-1984-3687 and CF-1988-4744 are premature as those convictions have not been invalidated.   See Heck, 512 U.S. at 487.

## RECOMMENDATION

For the reasons set forth above, it is recommended that this action be dismissed upon filing for failure to state a claim upon which relief can be granted. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 19, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 29th day of November, 2007.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE